IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-HC-2164-FL

| | |
|---|---|
| JAMES HENRY CONLEY, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>RENOICE STANCIL, )<br>)<br>Respondent. ) | ORDER |

This matter came before the court on the motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 of respondent Renoice Stancil ("respondent") (DE # 8), to which petitioner responded. In this posture, the matter is ripe for adjudication. For the following reasons, the court grants respondent's motion.

## BACKGROUND

On August 29, 2008, in the Robeson County Superior Court, petitioner was convicted of first-degree murder and sentenced to life imprisonment without parole. State v. Conley, 202 N.C. App. 148, 690 S.E.2d 558, at *1 (2010). Following his conviction, petitioner filed a direct appeal to the North Carolina Court of Appeals. Id. On January 19, 2010, the court of appeals issued an order finding no error. Id.

On March 30, 2010, petitioner filed an untimely petition for discretionary review in the North Carolina Supreme Court, which was denied on June 16, 2010. State v. Conley, 364 N.C. 243, 698

S.E.2d 658 (2010). On December 13, 2010,[1] petitioner filed a *pro se* motion for appropriate relief ("MAR") in the Robeson County Superior Court. Resp't's Mem. Ex. 7. The superior court denied petitioner's MAR on January 19, 2011. Id. Ex. 8. On February 7, 2011,[2] petitioner filed a *pro se* petition for a writ of certiorari in the North Carolina Court of Appeals, which was denied on February 18, 2011. Id. Exs. 9, 11.

On August 15, 2011,[3] respondent filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner alleges the following claims for relief: (1) his short-form murder indictment was constitutionally defective; (2) the trial court erred by admitting the testimony of State Bureau of Investigation ("SBI") agent Kristen Crawford; (3) his trial counsel failed to object to the testimony of SBI Agent Crawford; and (4) his appellate counsel failed to raise ineffective assistance of trial counsel in his appeal. Petitioner also alleges that the murder of the victim Clem Zebert Jones was not fully premeditated and deliberated.

On October 19, 2011, respondent filed a motion for summary judgment, arguing that petitioner's habeas petition was filed outside of the statute of limitations and therefore is time-barred. Alternatively, respondent argues that the petition is without merit. The matter was fully briefed.

---

[1] The court assumes, without deciding that the mailbox rule applies to petitioner's MAR. See Houston v. Lack, 487 U.S. 266, 276 (1988) (holding that a *pro se* prisoner's notice of appeal is filed at the moment it is delivered to prison authorities for mailing to the district court). Accordingly, the court deems petitioner's MAR, dated December 13, 2010, to be filed on that date. See id.

[2] Providing petitioner the benefit of the mailbox rule, the court deems his certiorari petition, dated February 7, 2011, but filed on February 14, 2011, to be filed on February 7, 2011. See Houston, 487 U.S. at 276.

[3] Providing petitioner the benefit of the mailbox rule, the court deems his § 2254 petition, dated August 15, 2011, but filed on August 19, 2011, to be filed on August 15, 2011. See Houston, 487 U.S. at 276.

2

## DISCUSSION

A. Summary Judgment

1. Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

2. Analysis

Respondent argues that petitioner's petition is barred by the statute of limitations. Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a writ of habeas corpus by a person in custody pursuant to the judgment of a state court must be filed within one year. 28 U.S.C. § 2244(d)(1). The period begins to run from the latest of several dates:

> A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; B) the date on which the impediment to filing an application . . . is removed . . .; C) the date on which the constitutional right was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or D) the date on which the factual

3

> predicate of the claim or claims presented could have been discovered
> through the exercise of due diligence.

Id.

The statutory period began to run in this case on the date petitioner's judgment became final. The North Carolina Court of Appeals denied petitioner's appeal of his conviction on January 19, 2010. Petitioner then had thirty-five (35) days, until February 23, 2010, to file a notice of appeal with the North Carolina Supreme Court where there is an appeal of right and/or a petition for discretionary review. See N.C. R. App. P. 14(a) and 15(b) (petition for discretionary review may be filed within 15 days after issuance of the mandate by the Court of Appeals); N.C. R. App. P. 32(b) (mandate issues 20 days after written opinion unless court orders otherwise). Because petitioner did not file a timely notice of appeal or a petition for discretionary review to the North Carolina Supreme Court, he is not entitled to an additional ninety (90) days to file a petition for a writ of certiorari in the United States Supreme Court.[4] See Gonzalez v. Thaler, __ S.Ct. __, 2012 WL 43513. *10 (2012). Thus, petitioner's conviction became final on February 23, 2010, when his case became final for purposes of direct appellate review.

The one-year limitation period then began to run on February 23, 2010, and ran for two hundred ninety-two (292) days until petitioner filed his MAR on December 13, 2010. The one-year statute of limitations period then was tolled from December 13, 2010 until certiorari was denied on February 18, 2011. Petitioner's statutory period subsequently resumed on February 18, 2011, and

---

[4] Petitioner's out-of-time pro se petition for discretionary review filed in the North Carolina Supreme Court on March 30, 2010, does not resurrect his direct appeal or otherwise toll the one-year period of limitation. See N.C. R. App. P. 21; Arrington v. Stancil, No. 5:11-HC-2018-BO, 2012 WL 125755, at *2 (E.D.N.C. Jan. 17, 2012), appeal dismissed, No. 12-6290, 2012 WL 2354469 (4th Cir. June 21, 2012) (citations omitted); see generally, Saguilar v. Harkleroad, 348 F. Supp. 2d 595, 598 (M.D.N.C. 2004) ("A request for an 'extraordinary writ," which is not part of the regular review process, does not toll the AEDPA limitation period."), appeal dismissed, 145 F. App'x 444 (4th Cir. Oct. 14, 2005).

4

expired seventy-three (73) days later on May 2, 2011. Petitioner did not file his habeas petition in this court until August 2011. Thus, the action is time-barred.

In response, plaintiff admits that he cannot deny that "any if not all of his post-conviction proceedings were filed late," but he asserts that he is entitled to equitable tolling. Resp. p. 2. Although the purpose of the AEDPA is to "reduce delays in the execution of state and federal criminal sentences . . . and to further the principles of comity, finality, and federalism," the Fourth Circuit has held that "the AEDPA statute of limitations is subject to equitable tolling." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc). Nonetheless, the Fourth Circuit has noted the rarity in which equitable tolling applies. "Any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. . . . Principles of equitable tolling do not extend to garden variety claims of excusable neglect." Id. at 246 (citing Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)). Rather, equitable tolling only is "appropriate when . . . extraordinary circumstances beyond [the petitioner's] control prevented him from complying with the statutory time limit." Id. (citation and quotations omitted).

Petitioner claims he is entitled to equitable tolling because he did not have access to a law library and because he did not have legal experience or knowledge. These contentions do not constitute exceptional circumstances for the purposes of equitable tolling. See Harry v. Johnson, No. 2:06cv28, 2006 WL 3299992, *3 (E.D. Va. 2006) (stating that delays due to seeking legal advice and related allegations of inadequate prison law libraries are not sufficient extraordinary circumstances for equitable tolling); Unites States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (stating that ignorance

5

of the law is not a basis for equitable tolling). Based upon the foregoing, petitioner is not entitled to equitable tolling.

B.  Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined petitioner is not entitled to relief and respondent is entitled to dismissal of the petition, the court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds

6

first to resolve the issue whose answer is more apparent from the record and arguments." Slack, 529 U.S. at 484-85.

## CONCLUSION

For the foregoing reasons, respondent's motion for summary judgment (DE # 8) is GRANTED. The certificate of appealability is DENIED. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 4th day of August, 2012.

LOUISE W. FLANAGAN
United States District Judge

7